IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **SIMON PARTIDA,** § | |
| **TDCJ No. 01364728,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00089-O-BP |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), filed July 23, 2019 by Petitioner Simon Partida pursuant to 28 U.S.C. § 2254. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **with prejudice** as time-barred.

I.  **BACKGROUND**

Petitioner Simon Partida ("Petitioner") is a prisoner confined in the Wynne Unit of the Texas Department of Criminal Justice ("TDCJ") in Huntsville, Texas. (ECF No. 1). He challenges the validity of his Cottle County conviction for aggravated assault. *Offender Information Details*, TEXAS DEP'T OF CRIMINAL JUSTICE, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02664865 (last visited Sept. 18, 2019); (ECF No. 1 at 1). On March 4, 2006, Petitioner was sentenced to forty-five years in prison for that offense. *Offender Information Details*. The Seventh Court of Appeals affirmed his conviction on July 26, 2007. *Partida v. State*, 279 S.W.3d 801 (Tex. App.—Amarillo 2007, pet. ref'd). The Texas Court of Criminal Appeals

("TCCA") refused his Petition for Discretionary Review ("PDR") on November 7, 2007. *Id.* at 801. Petitioner did not file an application for a writ of certiorari in the Supreme Court of the United States, nor did he file any petitions for habeas corpus in the state courts. On July 23, 2019, Petitioner filed the instant Petition. (ECF No. 1).

## II. LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

**A. Petitioner is Time-Barred by the AEDPA Limitation Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the day of conviction to file a timely notice of appeal. Tex. R. App. P. 26.2(a). His conviction becomes final if he does not file timely notice within that period, and the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply. If the defendant files a timely direct appeal and the appellate court affirms, then he has thirty days after the affirming court's judgment to file a PDR with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant files a timely PDR and the TCCA affirms, he has ninety days to file a petition for writ of certiorari with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. Once this ninety-day period has ended, the defendant's conviction becomes final. 28 U.S.C. § 2244(d); U.S. Sup. Ct. R. 13(1). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

The TCCA refused Petitioner's PDR on November 7, 2007. The deadline for Petitioner to file a petition for writ of certiorari in the Supreme Court of the United States was February 5, 2008, and he did not file. Consequently, his conviction became final on February 5, 2008 when direct review concluded, and AEDPA's one-year limitation period ended on February 5, 2009. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. Petitioner filed the instant Petition more than ten years after the AEDPA limitation period ended.

### B. Petitioner is Not Entitled to Equitable Tolling

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Equitable tolling is an extraordinary remedy that courts extend sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not allege facts to establish any entitlement to equitable tolling. Petitioner has not sufficiently established that he acted with reasonable diligence in pursuing his claims or that extraordinary circumstances prevented him from timely filing. Consequently, Petitioner does not show any entitlement to equitable tolling.

### III. CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus (ECF No. 1) **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions,

and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed September 19, 2019.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE